Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Susan M. Peterson;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Trustone Financial, p.k.a. Teachers Federal Credit Union;** and **Equifax Information Services, LLC;** | |
| Defendants. | (Jury Trial Demanded) |

### I.  Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*. Plaintiff seeks to recover statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3. Plaintiff resides in Maricopa County, Arizona.
4. Plaintiff is a "consumer" as defined by FCRA § 1681a(c).
5. Defendant Trustone Financial ("Trustone") is a federally chartered credit union.
6. Trustone changed it name from Teacher Federal Credit Union ("TFCU") in or about June 2009, but is the same entity as TFCU.
7. Trustone is a "person" as that term is defined by FCRA § 1681a(b).
8. Trustone is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
9. Equifax Information Services, LLC ("Equifax") is an

- 2 -

Georgia limited liability company conducting business in the state of Arizona.

10. Equifax is both a "person" and a "consumer reporting agency" as those terms are defined and contemplated under the FCRA.

## IV.  Factual Allegations

11. In or about 1998, Plaintiff opened a credit card account with TFCU for personal, family, and household purposes.

12. Due to unavoidable financial circumstances, in or about February 2003, Plaintiff became delinquent on the TFCU account and ultimately defaulted.

13. TFCU subsequently assigned the account to CU Recovery, a collection agency, to collect the debt.

14. In October 2005, Plaintiff entered into a settlement agreement with CU Recovery to settle the TFCU account in full.

15. Plaintiff timely paid the agreed settlement amount to CU Recovery and satisfied the TFCU account in full.

16. CU Recovery confirmed the satisfaction of the TFCU account by letter dated On October 19, 2005.

17. Between January 2009 and May 2009, Plaintiff received and reviewed numerous credit reports on herself based upon data furnished by Equifax.

18. Beginning in January 2009, Plaintiff's Equifax reports showed that TFCU had reported Plaintiff's account with a "charge off" status in December 2008, January 2009 and / or May 2009.
19. The status of a "charge off" when reported to a consumer reporting agency such as Equifax, is a derogatory statement only less in severity than a bankruptcy.
20. In June 2009, Plaintiff disputed the "charge off" status on the TFCU account with Equifax.
21. Upon information and belief, upon receipt of Plaintiff's dispute, Equifax contacted TFCU by sending an Automated Consumer Dispute Verification Form, also known as an "ACDV", to TFCU concerning Plaintiff's dispute.
22. Upon information and belief, TFCU returned the ACDV to Equifax indicating that its tradeline was reporting accurately.
23. On or about June 14, 2009 Plaintiff obtained a copy of her Equifax report.
24. This report continued to show the TFCU account reporting a status of "charge off" in December 2008, and January 2009.
25. On or about June 19, 2009, Plaintiff received notice from Equifax that "Equifax verified that this item

belongs to you."

26. The June 19, 2009 notice also reflected that the TFCU account had been updated to show an additional "charge off" status for May 2009.

27. Plaintiff again disputed the "charge off" status of the TFCU account with Equifax.

28. Upon information and belief, upon receipt of Plaintiff's dispute, Equifax contacted TFCU by sending an Automated Consumer Dispute Verification Form, also known as an "ACDV", to TFCU concerning Plaintiff's dispute.

29. Upon information and belief, TFCU returned the ACDV to Equifax indicating that its tradeline was reporting accurately.

30. On or about June 28, 2009, Plaintiff received notice from Equifax "Equifax verified that this item belongs to you."

31. The June 28, 2009 notice continued to show the TFCU account reporting with a "charge off" status in December 2008, January 2009 and May 2009.

32. Plaintiff again disputed the "charge off" status of the TFCU account with Equifax.

33. On June 29, 2009 Plaintiff received notice from Equifax that it would take no further action on investigating the TFCU account as it had been

previously verified as being accurately reported.
34. On July 8, 2009, Plaintiff sent a letter to the Federal Trade Commission complaining of TFCU'S reporting of inaccurate credit information to her Equifax credit report.
35. Plaintiff also sent a copy of this letter to Equifax.
36. On July 16, 2009 Plaintiff sent a second follow up letter to the Federal Trade Commission concerning the TFCU account reported on her Equifax credit report.
37. A copy of the July 8, 2009 letter was also included with this letter.
38. A copy of the July 16, 2009 letter together with a copy of the July 8, 2009 letter was also sent to Equifax and to TFCU.
39. On July 16, 2009, Plaintiff sent an additional letter to TFCU concerning its reporting of the "charge off" status in December 2008, January 2009 and May 2009.
40. Plaintiff included with the letter a copy of the Equifax reinvestigation report dated June 28, 2009.
41. On July 17, 2009, TFCU on Trustone letterhead sent Plaintiff a letter in response to her dispute of the "charge off" status reported to Equifax in December

- 6 -

1    2008, January 2009, and May 2009.
2  42. Attached to the Trustone letter was a copy of an
3      ACDV received by Trustone from Equifax concerning
4      Plaintiff's disputes.
5  43. The ACDV attached to Trustone's letter indicated
6      that the December 2008, January 2009 and May 2009
7      "charge off" history would continue to report on
8      Plaintiff's credit file.
9  44. On or about July 22, 2009 Plaintiff obtained a copy
10     of her Equifax credit report.
11 45. This report still reflected the "charge off" status
12     reported for December 2008, January 2009 and May
13     2009.
14 46. On or about July 22, 2009, Plaintiff received a
15     letter from Equifax stating "this disputed account
16     for Teacher Federal Credit Union is not currently
17     reporting on the credit file."
18 47. However, on or about July 23, 2009, Equifax sent
19     Plaintiff a copy of its reinvestigation report which
20     showed that Equifax had once again verified the
21     account as reported by TFCU, including the three
22     "charge off" dates.
23 48. On July 26, 2009 Plaintiff obtained a copy of her
24     credit report from Equifax.
25 49. This report continued to reflect the TFCU tradeline

      with the "charge off" status reported for December 2008, January 2009 and May 2009.

50. Upon information and belief, Equifax's investigation of Plaintiff's disputes of the TFCU tradeline consisted solely of contacting TFCU though sending of an ACDV.

51. Defendants have continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

52. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages, including, but not limited to, loss of credit opportunities, denial of credit, and emotional distress.

## V. Causes of Action

### a. Fair Credit Reporting Act

53. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

54. Defendant TFCU failed to conduct a reasonable investigation of the disputes it received from Equifax concerning Plaintiff's account, and otherwise failed to comply with FCRA § 1681s-2(b).

55. As a result of Defendant TFCU's actions, Plaintiff

has been damaged.

56. Defendant Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

57. Defendant Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

58. Defendant Equifax has willfully, or alternatively, negligently, violated FCRA § 1681i.

59. As a direct result and proximate cause of Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, higher insurance rates, and/or loss of opportunity.

60. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are each liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action

1 together with reasonable attorneys' fees.
2 61. As a result of Defendants' willful failure to comply
3 with the FCRA, Defendants are liable to Plaintiff in
4 an amount equal to the sum of (1) any actual damages
5 sustained by Plaintiff as a result of the failure or
6 damages of not less than $100.00 and not more than
7 $1,000.00 for each such violation; (2) such amount
8 of punitive damages as the court may allow; and (3)
9 the costs of this action together with reasonable
10 attorneys' fees.

## VI.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FCRA, or in the alternative, statutory damages of $1,000 per violation pursuant to FCRA § 1681n;

b) Punitive damages pursuant to FCRA § 1681n;

c) Costs and reasonable attorney's fees pursuant to FCRA §§ 1681n and/or *o*; and

d) Such other relief as may be just and proper.

DATED    August 21, 2009   .


          s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff